THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00146-MR

| | |
|---|---|
| JEFFERY KENNETH MILLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANDREW SAUL, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgement [Doc. 11] and the Defendant's Motion to Remand to the Social Security Administration [Doc. 12].

I. **BACKGROUND**

On October 18, 2017, the Plaintiff, Jeffery Kenneth Miller ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act") and an application for supplemental security income under Title XVI of the Act, alleging in both applications an amended disability onset date of September 27, 2018. [Transcript ("T.") at 15]. The Plaintiff's claims were initially denied on June 18, 2018, and again denied upon reconsideration on October 15, 2018. [Id.]. On the Plaintiff's

request, a hearing was held on September 17, 2019, before an Administrative Law Judge ("ALJ"). [Id.]. On October 3, 2019, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 12].

On July 8, 2020, the Appeals Council denied the Plaintiff's request for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

On September 10, 2020, the Plaintiff filed the Complaint, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [Doc. 1]. On April 12, 2021, the Plaintiff moved for summary judgment. [Doc. 11].

On April 29, 2021, the Defendant filed its Motion to Remand. [Doc. 12]. The Plaintiff did not consent to the Motion to Remand. The Plaintiff responded on April 30, 2021. [Doc. 13]. The Defendant replied on May 3, 2021. [Doc. 14].

## II.　STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the

Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When reviewing a Social Security Administration disability determination, a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson, 810 F.3d at 207 (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the

pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III.    DISCUSSION[1]

The Defendant moves for remand and a rehearing to conduct further fact finding because of an apparent unresolved conflict under the Dictionary of Occupational Titles (DOT) between the Vocational Expert's (VE's) identified jobs and the ALJ's established residual functional capacity (RFC)." [Doc. 12 at 2]. The Plaintiff agrees that this was an error but opposes the Defendant's Motion for Remand. [Doc. 13 at 2-3]. The Plaintiff requests instead that the Court grant his Motion for Summary Judgment and reverse

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

4

and remand the case solely for an award of benefits. The issue is thus whether the matter should be remanded for further proceedings or whether the matter should be remanded for the sole purpose of calculating benefits.

Sentence four of 42 U.S.C. § 405(g) provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see Shalala v. Schaefer, 509 U.S. 292, 299 (1993). Whether to reverse and remand for benefits or reverse and remand for a new hearing is a decision that "lies within the sound discretion of the district court." Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987); see also Evans v. Heckler, 734 F.2d 1012, 1015 (4th Cir. 1984).

The Fourth Circuit has explained that "'the proper course except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729. 744 (1985)). A remand for benefits should only occur in rare circumstances because "it is the duty of the administrative law judge revieing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Ordinarily, the court

5

should instead "give the Secretary an opportunity to apply the correct legal standard" and fix the errors. Breeden v. Weinberger, 493 F.2d 1002, 1011-12 (4th Cir. 1974).

These rare circumstances where a remand for the award of benefits can exist when a case is particularly old, the record does not need to be reopened, or the case has already been remanded. Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (citing Breeden, 493 F.2d at 1011-12). It is also appropriate to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." Breeden, 493 F.2d at 1012.

Here, the Plaintiff argues that this is one of the rare circumstances where reversal and remand for an award of benefits is appropriate. The Plaintiff argues that the RFC in this case "was not supported by substantial evidence or based on even a logical application of the medical findings or opinion evidence" from the experts. [Doc. 13 at 3]. The Plaintiff argues that there were limitations not addressed in the RFC established by evidence for which there was no credible contrary evidence. [Id.]. These arguments support remand for further fact finding. See Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011) ("Assessing the probative value of competing evidence

6

is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding."). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013). The ALJ, not the Court, should examine all medical opinions on the record in the first instance and explicitly explain the reasons for rejecting or adopting each opinion. Id.

The record before the Court also does not clearly establish the Plaintiff's entitlement to benefits. Crider v. Harris, 624 F.2d 15, 17 (4th Cir. 1980) (finding reversal for the award of benefits is appropriate when "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established."). Having reviewed the record in this case, the decision of the ALJ, and the arguments by the parties the Court in its discretion finds that remand is appropriate in this instance for further administrative fact-finding. See Meyer, 662 F.3d at 707.

Thus, the Defendant's Motion for Remand [Doc. 12] is granted. The Plaintiff's Motion for Summary Judgment [Doc. 11] is denied as moot and the case will be remanded for further proceedings.

## IV. CONCLUSION

For the reasons stated, remand is required. On remand, the ALJ shall hold a supplemental hearing; take any action needed to complete the administrative record; obtain further vocational expert testimony; further consider Plaintiff's residual functional capacity; address and resolve any apparent conflicts in the record; and issue a new decision.

### ORDER

**IT IS, THEREFORE, ORDERED,** that the Defendant's Motion for Remand [Doc. 12] is **GRANTED**, and that the Plaintiff's Motion for Summary Judgement [Doc. 11] is **DENIED AS MOOT**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further proceedings consistent with this decision.

The Clerk of Court shall enter separate Judgment of Remand simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

**IT IS SO ORDERED.**  Signed: July 20, 2021

Martin Reidinger
Chief United States District Judge

8